IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KALIMA JAMILA HAYWARD,**<br>**Plaintiff,** | **CIVIL ACTION** |
| v. | NO. 23-3234 |
| **SOUTHWEST CREDIT SYSTEMS,**<br>**Defendant.** | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Kalima Jamila Hayward filed this civil action against Southwest Credit Systems ("Southwest") raising claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.  Hayward seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Hayward leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     FACTUAL ALLEGATIONS[1]

Hayward's alleges that upon "pulling [her] consumer report on August 7, 2023, she noticed various ways that [Southwest] [is] inaccurately reporting on [her] consumer report and violating [the FDCPA]."[2]  (ECF No. 2 at 4).  As a result, Hayward "notified" Southwest that she is "a victim of identity theft" and that she "did not authorize the account with the alleged debt." *Id.*  Hayward alleges that Southwest neglected her letter and a Federal Trade Commission complaint she mailed.  *Id.*  She further alleges that Southwest is reporting information to third-party consumer reporting agencies without her consent.  *Id.*  Southwest "states that they

---

[1] The facts set forth in this Memorandum are taken from Hayward's Complaint and documents attached thereto.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

purchased the alleged debt from T MOBILE," which Hayward argues is a violation of her "public information" because she was not afforded an opportunity to "opt out" of the transaction and did not "sign a document with [her] wet ink signature," which she claims would be required for Southwest to obtain information about her. *Id.* Hayward characterizes Southwest's actions as "misus[ing] [her] identity which is identity theft." *Id.*

Hayward attached to her Complaint a "notarized affidavit of truth[,]" directed to Jeff Hurt, who is listed as the CEO of Southwest, claiming alleged FDCPA violations related to an account # 987539XX, *id.* at 7-10, a complaint she filed with the Consumer Financial Protection Bureau, *id.* 11-14, an "Identity Theft Report" she filed with the Federal Trade Commission, *id.* at 15, and a copy of her credit report from Experian generated on August 15, 2023. *Id.* at 16. She also filed a separate exhibit that appears to be a letter she sent to Southwest on August 7, 2023 about account # 987539XX. (ECF No. 3).

Hayward claims to have suffered "anxiety and mental anguish" as a result of these events and has been placed on medication, which makes her "very drowsy[.]" (ECF No. 2 at 5). She seeks damages for the alleged violations of her consumer rights.

**II.    STANDARD OF REVIEW**

The Court will grant Hayward leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court dismiss Hayward's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 686-87.

As Hayward is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019). Rule 8 requires that a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8. The "plain statement requirement . . . prompts [courts] to ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants" in regard to the plaintiff's claims." *Garrett*, 938 F.3d 69, 93 (3d Cir. 2019) (quotations omitted). The requirement can be met if the pleading "presents cognizable legal claims to which a defendant can respond on the merits." *Id*. at 94.

### III. DISCUSSION

#### A. FDCPA Claims

Hayward primarily rests her Complaint on the FDCPA. "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

3

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'  The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e) and citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").  Among other things, the FDCPA prevents debt collectors from engaging in harassing, oppressive or abusive conduct to collect a debt, § 1692d, making false, deceptive, or misleading representations in connection with debt collection, § 1692e, and using "unfair or unconscionable means" to collect a debt, § 1692f.  To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted).

     A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  "Debt" for purposes of the FDCPA is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  *Id.* § 1692a(5).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

4

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

The Complaint fails to state a FDCPA claim as pled. Hayward does not clearly describe the nature of the consumer debt underlying her claims, she does not specifically allege that Southwest is a debt collector (although she indicates that Southwest purchased "the alleged debt" from T MOBILE at some point), and she does not describe other than in conclusory terms how Southwest's acts or omissions violated a provision of the FDCPA.[3] Absent specific factual allegations on these points, Hayward cannot state a FDCPA claim. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *see also Astarita v. Solomon & Solomon, PC*, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content—such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt - which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

Furthermore, the Court will not speculate as to Hayward's claims based on the attachments to her Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Berkery v. Credit Collection Servs.*, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7,

---

[3] It is possible that Hayward is attempting to assert claims under 15 U.S.C. § 1692e(8), which prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." However, the manner in which Hayward has presented her claims makes the true nature of them incoherent. She may also be attempting to bring a claim under 15 U.S.C. § 1692c because Southwest purchased her account without her consent or a "wet ink signature," which she appears to claim constitutes "identity theft." (ECF No. 2 at 4). If this is the argument she is making, which again is unclear, it is wholly unsupported by the statute.

2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint."). In sum, the conclusory allegations of Hayward's Complaint combined with her unexplained exhibits do not present a plausible FDCPA claim.

B.   **FCRA Claims**

Liberally construing the Complaint, it appears Hayward is also attempting to bring a claim under the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

"The FCRA confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy[.]" *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information

contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). "Generally speaking, a consumer reporting agency does not violate the FCRA's requirement that it 'follow reasonable procedures to assure maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of information if the information that it reports is factually accurate." *Williams v. Experian Info. Sols., Inc.*, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, Hayward must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom.* 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358. However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Hayward has not stated a plausible claim against Southwest under the provisions of the FCRA pertaining to consumer reporting agencies because she has not alleged that Southwest is a consumer reporting agency. To the extent Hayward raises claims against Southwest as a

furnisher of information, she has also failed to allege a plausible claim. The allegations in the Complaint are conclusory — Hayward has failed to clearly identify the debt in question, clearly explain how it was inaccurately reported, and has not alleged she reported the dispute to a credit reporting agency that notified Southwest of the dispute. Accordingly, she has failed to state a FCRA violation. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"); *see also SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."). Hayward's FCRA claims are therefore not plausible as pled. Additionally, for the reasons stated above, the Court will not speculate as to the facts underlying Hayward's claims based on the exhibits submitted with her Complaint.[4]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Hayward leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[4] To the extent Hayward cites the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, that Act does not support a private cause of action so any claims she intended to bring under it are baseless. *See, e.g.*, *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018) ("[I]t is well-recognized that the ["Gramm-Leach-Bliley Act] does not provide a private right of action to enforce its rules." (citing cases)); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012) (same).

for failure to state a claim. Because the Court cannot say at this time that Hayward can never state a plausible claim based on the acts or omissions of Southwest, she will be granted leave to amend. Cognizant of Hayward's *pro se* status, the Court will grant her an opportunity to "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for her claims.

      An appropriate Order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**